IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTOPHER KEALOHA, ) | CIV. NO. 09-00299 JMS-BMK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART |
| ) | AND DENYING IN PART |
| vs. ) | DEFENDANTS' MOTION FOR |
| ) | JUDGMENT ON THE PLEADINGS |
| STATE OF HAWAII ) | |
| DEPARTMENT OF PUBLIC ) | |
| SAFETY; PAULO ) | |
| FAASUAMANU; RICHARD ) | |
| SALGADO; DOMINIC MIELKE; ) | |
| STANLEY GUEVARA; ERWIN ) | |
| SAKIMA; KAIPO FIATOA, and ) | |
| DOES 1-150, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

**I. INTRODUCTION**

Plaintiff Kristopher Kealoha, a Hawaii state prisoner currently incarcerated in New Mexico, commenced this prisoner civil rights action on June 29, 2009. Before the court is Defendants' Motion to Dismiss ("Motion"), brought pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure which the court construes as a Motion brought pursuant to Rule 12(c). After careful consideration of the entire record, Defendants' Motion is GRANTED IN PART

AND DENIED IN PART.[1]

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff commenced this action on June 29, 2009, naming as Defendants the Hawaii Department of Public Safety ("DPS") and Doe Defendants 1-150.  Plaintiff alleged that, on or about July 3, 2007, while he was incarcerated at the Halawa Correctional Facility ("HCF"): (1) unnamed HCF corrections officers assaulted him while he was being transported in handcuffs and shackles; (2) other unnamed HCF corrections officers witnessed this assault and failed to intervene; and (3) all Defendants conspired to prevent Plaintiff from prosecuting his claims.  The original Complaint stated that Plaintiff and his attorneys were ignorant of the true names of the Doe Defendants and had "made good faith diligent efforts to identify [Doe Defendants], including interviewing individuals with knowledge of the claims herein."  Compl. at 2.  Plaintiff asserted claims under the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 and under state law, asserting negligence, assault and battery, and intentional and negligent infliction of emotional distress.  Plaintiff sought compensatory, exemplary, and punitive damages.

Eleven days later, on July 10, 2009, Plaintiff filed a First Amended

---

[1] This matter is suitable for disposition without a hearing.  *See* Local Rule 7.2(d).

Complaint ("FAC"). The FAC alleges the same causes of action and requests for relief as the original Complaint, but names HCF Adult Corrections Officers ("ACOs") Paulo Faasuamanu, Richard Salgado, Dominic Mielke, Stanley Guevara, Erwin Sakima, and Kaipo Fiatoa as defendants in their individual and official capacities ("ACO Defendants"). Defendant DPS and Doe Defendants remain. Doc. No. 4, FAC.

On September 25, 2009, the deputy attorney general filed an Answer to the FAC. Doc. No. 6. The Answer states that it is "made only on behalf of the State of Hawaii Department of Public Safety as there has been no service of process on the individually named defendants." Answer at 2. Nonetheless, the Answer refers to each ACO Defendant specifically by name, admits that each was employed by the State of Hawaii, and denies all other allegations against each. *See* Answer at 3 ¶¶ 4-9. Furthermore, although the Answer raises the affirmative defenses of failure to state a claim, insufficient service of process, and failure to exhaust prison administrative remedies, it fails to assert a statute of limitations defense.

On October 26, 2009, the deputy attorney general filed a scheduling conference statement, stating that the "Individual [ACO] Defendants have only recently been served and have not yet pled." Doc. No. 8, Rule 16 Scheduling

Statement at 3.  Moreover, despite explicitly restricting the Answer as pleading on behalf of the DPS only, and reiterating that the ACO Defendants have filed no responsive pleading, the deputy attorney general has never submitted an Answer on behalf of the ACO Defendants, nor moved to amend or supplement the original Answer pursuant to Federal Rule of Civil Procedure 15.

On April 14, 2010, approximately six months after the ACO Defendants were admittedly served with the FAC, and on the final date for filing dispositive motions, Defendants filed the present Motion.  Doc. No. 17.  Plaintiff filed his Opposition on April 30, 2010.  Doc. No. 20.  Defendants filed a Reply on May 10, 2010.  Doc. No. 21.

### III.  STANDARD OF REVIEW

Although Defendants move to dismiss the FAC and action based on Rules 12(b)(1) and (b)(6), the court construes their Motion as seeking judgment on the pleadings, as the time for filing responsive pleadings has expired and Defendant DPS, at least, has filed an Answer to the FAC.  *See* Fed. R. Civ. P. 12(c); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.").

"A judgment on the pleadings is properly granted when, taking all of

the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations and citation omitted).  The moving party bears the burden of establishing "on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. " *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

    Like a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings.  "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer vs. Rhodes*, 416 U.S. 232, 236 (1974).  Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citations, alterations and quotations omitted).

# IV.  DISCUSSION

DPS and ACO Defendants argue that they are immune from suit in their official capacities under the Eleventh Amendment.  ACO Defendants also argue that Plaintiff's claims against them are time-barred because the FAC was filed after the statute of limitations elapsed and does not relate back to the date of filing the original Complaint pursuant to Rule 15(c).  The court addresses each argument in turn.

**A.     Claims Against DPS and Official Capacity Defendants are Dismissed**

Plaintiff sues the DPS and all other Defendants in their individual and official capacities and seeks relief under 42 U.S.C. § 1983.  Plaintiff makes no claim for prospective injunctive or declaratory relief, is no longer incarcerated at HCF or in Hawaii where the alleged assault took place, and seeks only monetary damages.  Defendants argue that under these conditions they are not amenable to suit in their official capacities under § 1983 and are entitled to Eleventh Amendment immunity.

First, neither states, state agencies, nor state officials acting in their official capacities are considered persons for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kaimowitz v. Bd. of Trs. of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108

(1st Cir. 1991). As such, Plaintiff has failed to state a claim under § 1983 against DPS and all Defendants named in their official capacities.

Second, Plaintiff's claims against the DPS and his claims against all official capacity Defendants are barred by the Eleventh Amendment. "The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999)). The only exception is "for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Id.* (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000); *see Ex parte Young*, 209 U.S. 123 (1908).

Hawaii has not waived the protection of the Eleventh Amendment. *Office of Hawaiian Affairs v. Dep't of Educ.*, 951 F. Supp. 1484, 1492 (D. Haw. 1996). Nor does Plaintiff seek prospective injunctive relief for an ongoing violation of federal law. As such, neither the DPS nor official capacity Defendants are proper parties to this action. Plaintiff's claims against the DPS and all official capacity Defendants, named or unnamed, are DISMISSED with prejudice.

**B.     Statute of Limitations**

Plaintiff alleges that ACO Defendants assaulted him on July 3, 2007. He filed his original Complaint on June 29, 2009, and his FAC on July 10, 2009. ACO Defendants argue that Plaintiff's cause of action accrued on or about July 3, 2007, and claims against them are barred by the applicable two-year statute of limitations because the FAC does not relate back to the original filing date of the Complaint under Rule 15(c).

   *1.     Applicable Statute of Limitation*

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007). Federal law determines when a civil rights claim accrues and the statute of limitations begins running. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004). In Hawaii, a two-year statute of limitations applies. *See* Hawaii Revised Statute ("HRS") § 657-7; *see also Pele Defense Fund v. William Paty*, 73 Haw. 578, 597-98, 837 P.2d 1247, 1260 (1992).

   *2.     Waiver of the Statute of Limitation Defense*

The only Answer in the record does not assert a statute of limitation defense. Because the statute of limitation is an affirmative defense, it is generally waived if not raised in a defendant's initial pleading. Fed. R. Civ. P. 8(c); *Randle v. Crawford*, 578 F.3d 1177, 1181 (9th Cir. 2009), *amended and superseded on denial of reh'g by* --- F.3d. ---, 2010 WL 1930235 (9th Cir. May 14, 2010). When a plaintiff neither raises nor shows prejudice, however, "an affirmative defense may be raised for the first time at summary judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993); *see, e.g.*, *Paine v. City of Lompoc*, 265 F.3d 975, 981 n.1 (9th Cir. 2001) (finding no waiver when absolute immunity was raised for first time in motion for summary judgment and plaintiff did not argue he suffered prejudice due to delay in assertion of such defense); *Sharer v. Oregon*, 481 F. Supp. 2d 1156, 1165 (D. Or. 2007) (finding no waiver when statute of limitations was raised for first time in motion for summary judgment and plaintiff made no showing of prejudice); *Petteruti v. United States*, 2003 WL 22461990, at *3 (N.D. Cal. Oct. 27, 2003) (finding no waiver when statute of limitations was raised for first time in motion for summary judgment and plaintiff did not claim prejudice); *Chabot v. Wash. Mut. Bank*, 369 B.R. 1, 14 (Bankr. D. Mont. 2007) (same).

Although Defendants move for dismissal rather than summary

judgment, the analysis remains the same. Plaintiff does not claim prejudice due to Defendants' failure to plead the statute of limitations defense in the Answer. Nor can this court find any prejudice to Plaintiff's cause from Defendants' failure to raise the defense earlier. Accordingly, the defense has not been waived.

### 3.   *Relation Back Under Rule 15(c)(1)(C)*

The policy behind Rule 15 is to allow liberal amendments in the interests of resolving cases on their merits. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Rule 15(a)(2) requires the court to grant amendments "when justice so requires." The court should be mindful that "[t]he policy in favor of allowing amendments is extremely liberal." 3 James Wm. Moore et al., Moore's Federal Practice § 15.14[1] (3d ed. 2010) (discussing the court's discretion under Rule 15(a)(2)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (finding that liberal amendment policy does not distinguish between adding new parties or new claims unless there is undue prejudice).

Under Rule 15(c)(1)(C), an amended complaint relates back to the date of the original complaint when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

### 4. *Tolling*

ACO Defendants focus on the "but for a mistake" language in Rule 15(c)(1)(C)(ii) -- arguing that naming a Doe Defendant is not a mistake within the meaning of the Rule -- and thus the relation back doctrine does not apply. Courts are split on the correct interpretation of this rule, and disagree in particular about the meaning of the "but for a mistake" language. *Compare e.g.*, *Garrett v. Fleming*, 362 F.3d 692, 696-97 (10th Cir. 2004) (holding that a lack of knowledge of a defendant's identity is not a "mistake" concerning that identity); *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir. 1999) (same); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (same); *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998) (same); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (same); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *as modified*, 74 F.3d 1366 (2d Cir. 1996) (same); *with Robinson v. Clipse*, 602 F.3d. 605 (4th Cir. 2010) (allowing relation back to name Doe Defendant who was served and answered the amendment within the 120 day period, and had notice, knowledge, and no prejudice); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d

186, 200-02 n.5 (3d Cir. 2001) (discussing the "but for mistake" language with disapproval); *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir. 1977) (holding that lack of knowledge of defendant's identity is a "mistake," when Doe Defendant had notice, knowledge, and was not prejudiced during the limitation period).

The court, however, need not delve into this arena of legal uncertainty because ACO Defendants fail to prove that the statute of limitations is not subject to tolling in this case. A claim may be dismissed under Rule 12 as "barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." (quotations and citations omitted)). Stated in more general terms, judgment on the pleadings is proper only if it is clear "on the face of the pleadings that no material issue of fact remains to be resolved[;]" if the district court must go beyond the pleadings to resolve an issue, "[j]udgment on the pleadings is improper[.]" *Hal Roach Studios, Inc.*, 896 F.2d at

1550 (internal citation omitted).

ACO Defendants fail to prove that the running of the statute is apparent on the face of the Complaint for two reasons. First, Plaintiff is entitled to tolling of the statute of limitations if he filed a grievance concerning the incident, as required by 42 U.S.C. § 1997e(a). *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (agreeing "with the uniform holdings of the circuits . . . that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."). The PLRA's exhaustion requirement creates an affirmative defense that must be raised by a defendant.[2] *Wyatt v. Terhune*, 315 F.3d 1108, 1117-18 (9th Cir. 2002). Defendants have not, however, moved to dismiss for lack of exhaustion and the record does not reflect lack of exhaustion. Thus, the court concludes that the running of the statute of limitations is not "apparent on the face of the complaint." Instead, tolling appears likely to apply -- assuming Plaintiff exhausted his administrative remedies.

Second, Rule 15(C)(1)(A) permits relation back when "the law that provides the applicable statute of limitations allows relation back." Hawaii Rule of Civil Procedure ("HRCP") 17(d), in turn, tolls the statute of limitation with respect

---

[2] The filing of any grievance would have tolled the statute of limitations for more than the few days at issue here. In fact, the normal period of time it takes for complete resolution of a prisoner's grievance in Hawaii is closer to three months. *See* DPS Policies & Procedures Manual (1992) § 493.12.03 (4.0).

to Doe Defendants "who cannot be identified prior to the running of the statute." *Wakuya v. Oahu Plumbing & Sheet Metal, Ltd.*, 65 Haw. 592, 596, 656 P.2d 84, 88 (1982); *Tri-S Corp. v. W. World Ins. Co.*, 110 Haw. 473, 500, 135 P.3d 82, 109 (2006); *see also Russell v. Attco, Inc.*, 82 Haw. 461, 466, 923 P.2d 403, 408 (1996) ("HRCP Rule 17(d) provides a method by which the statute of limitations may be tolled relative to a claim against the as-yet unidentified defendants.").[3]

---

[3] Rule 17(d) states in pertinent part:

> (1) When [a] . . . party . . . has been unable to ascertain the identity of a defendant, the party . . . shall in accordance with the criteria of Rule 11 of these rules set forth in a pleading the person's interest in the action, so much of the identity as is known (and if unknown, a fictitious name shall be used), and shall set forth with specificity all actions already undertaken in a diligent and good-faith effort to ascertain the person's full name and identity.
>
> (2) . . . [the doe defendant] shall . . . be considered . . . as having notice of the institution of the action against that person, and as sufficiently described for all purposes . . . .
>
> (3) Any party may [move to] . . . make the name or identity of the party defendant known . . . within a reasonable time after the moving party knew or should have known the name or identity of the party defendant. . . . supported by affidavit setting forth all facts substantiating the movant's claim that the naming or identification has been made in good faith and with due diligence. When . . . identification is made by a plaintiff, it shall be made prior to the filing of the pretrial statement by that plaintiff, or within such additional time as the court may allow. . . .
> . . .
>
> (5) A party defendant . . . may have dismissal of one or more claims against [it] if the defendant shows in a timely manner that the delay in naming or identifying that defendant has caused that defendant substantial prejudice and if the interests of justice so require.

In the original Complaint, Plaintiff described the Doe Defendants as HCF corrections officers who were on duty and were transporting him on the day he was assaulted.  Plaintiff specifically alleged the Doe Defendants' illegal actions and stated that their identities were unknown despite his diligent efforts to identify them, including interviewing people with knowledge of his claims.  *See* Doc. No. 1.  This complies with HRCP 17(d)(1)'s requirements.  Eleven days later, Plaintiff filed the FAC naming the six ACO Defendants.  This filing appears to comply with HRCP 17(d)(3)'s "reasonable time" limit for notifying the court and others of the true identities of the fictitious defendants.  Although it is impossible to ascertain from the pleadings whether all of the factors relevant to an HRCP 17(d) analysis apply in this case, the fact that HRCP 17 might apply -- based on Plaintiff' compliance with HRCP 17(d)(1)'s requirements for identifying unknown defendants -- is sufficient to show that the running of the statute of limitations is *not* apparent from the face of the Complaint.  Because HRCP 17(d) might apply, judgment on the pleadings is improper.

## V.  CONCLUSION

Defendants' Motion for Judgment on the Pleadings is GRANTED IN PART AND DENIED IN PART.  Specifically:

1. The Department of Public Safety is DISMISSED with prejudice.

    2. All claims for damages against all Defendants named in their official capacities are DISMISSED with prejudice.

    3. ACO Defendants' Motion, insofar as it seeks dismissal of claims against them on the basis of the statute of limitations, is DENIED.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, May 21, 2010.



/s/ J. Michael Seabright  
J. Michael Seabright  
United States District Judge

*Kealoha v. Dep't of Public Safety, et al.*, Civ. No. 09-00299 JMS/BMK; Order Granting in Part and Denying in Part Defendants' Motion to Dismiss; pro se attys/Ords dmp 2010/Kealoha #4 (jdmt pldgs )